# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Watkins Incorporated, | Civ. No. 15-2688 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER ON** |
| McCormick and Company, Incorporated, | **MOTION TO COMPEL** |
| Defendant. | |

Charles G. Frohman, Esq., Evan Nelson, Esq., and Geoffrey P. Jarpe, Esq., Maslon LLP, counsel for Plaintiff.

David H. Bamberger, Esq., Edward S. Scheideman, III, Esq., and Paul Daniel Schmitt, Esq., DLA Piper LLP (US), and Richard R. Voebel, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., counsel for Defendant.

This matter is before the Court on Plaintiff Watkins Incorporated's Motion to Compel. (Doc. No. 36.) Defendant McCormick and Company, Incorporated, opposes Plaintiff's Motion. (Doc. No. 43.) Based on the Court's consideration, the file, submissions, and proceedings herein, the Court denies Plaintiff's Motion to Compel, with leave for Plaintiff's counsel to meet and confer with Defendant's counsel to agree on two clarified and narrowed interrogatories to replace Interrogatories 14 and 15.

## Background

This case was filed in the District of Minnesota on June 9, 2015. (Doc. No. 1.) In December 2015, the Judicial Panel on Multidistrict Litigation consolidated this action with other putative consumer class actions from various districts for pretrial proceedings in the United States District Court for the District of Columbia, with Judge Ellen S.

Huvelle presiding. (Doc. No. 25.) After transfer to the D.C. Court, Plaintiff filed an "Amended Complaint" on March 2, 2016.[1] (*See* Doc. No. 44, Decl. of Paul D. Schmitt ("Schmitt Decl."), Ex. 5.) A "Second Amended Complaint" was filed in the D.C. Court on July 10, 2016. (*Id.* at Ex. 12.) The Court understands that the Second Amended Complaint is the operative Complaint.

One of the discovery requests at issue in Plaintiff's Motion to Compel is Plaintiff's Interrogatory No. 5. Plaintiff served Interrogatory No. 5 on May 29, 2016. (Doc. No. 42,[2] Ex. C at 6–7.) Interrogatory No. 5 states as follows:

> INTERROGATORY NO. 5:
> State the monthly sales of McCormick's black pepper products for the period of January 1, 2012 through the present, including:
>
> a.) Monthly unit sales by SKU for each McCormick black pepper product sold in tins or Black Peppercorn Grinders;
>
> b.) The identity of each customer to whom McCormick black pepper products were sold and the dates and quantities purchased;
>
> c.) The price(s) which each customer paid for each purchase of McCormick black pepper products;
>
> d.) McCormick's cost of goods sold for each McCormick black pepper products sale;
>
> e.) McCormick's profit on each sale of McCormick black pepper products.

---

[1] Before transfer, an Amended Complaint was filed on August 6, 2015. (Doc. No. 44, Schmitt Decl., Ex. 5.)

[2] Exhibits A-S filed at Docket No. 42 are associated with the Declaration of Evan A. Nelson filed at Docket No. 39.

(*See* Doc. No. 38, Mem. of Law in Support of Mot. to Compel ("Pl.'s Mem.") 4–5.) Plaintiff concedes that Defendant partially answered these requests but objected to the request for McCormick's profits. (*Id*. at 5.) Thus, as of at least June 27, 2016, Plaintiff was aware of Defendant's objection on multiple grounds, including relevance and proportionality, to any discovery of Defendant's profits. Plaintiff did not move to compel a complete answer to Interrogatory No. 5 while the case proceeded in the D.C. Court. Nothing barred Plaintiff from moving to compel a complete answer in 2016, 2017, 2018, and 2019.

The D.C. Court held a Status Conference on September 18, 2019, and issued a Scheduling Order. (Doc. No. 44, Schmitt Decl., Ex. 16.) The D.C. Court ordered that all written discovery be propounded by October 18, 2019, all responses to written discovery be completed by November 18, 2019, all depositions of fact witnesses be completed by January 13, 2020, and all expert discovery be completed by March 9, 2020. (*Id.*)

Plaintiff served additional interrogatories and requests for production of documents on October 15, 2019. (Doc. No. 42, Exs. F, G.) This additional set of written discovery included Interrogatories 14, 15, and 20, and Document Request No. 14, which are now at issue in Plaintiff's Motion to Compel. Defendant objected to this written discovery. In its discovery responses (and correspondence relating to its discovery responses), Defendant reiterated its objections to Interrogatory Nos. 14, 15, and 20 as "duplicative of Interrogatory 5" and the corresponding objections. (S*ee* Doc. No. 42, Ex. J at 4; *see also* Doc. No. 42, Ex. H at 7–8, 10.) Defendant also objected to Document Request No. 14 in its responses, but as far as this Court can tell, Document Request

3

No. 14 was not mentioned by Plaintiff in its follow-up correspondence. (*See* Doc. No. 42, Ex. J; *see also* Doc. No. 42, Ex. I at 5–6.) The written discovery requests at issue all relate to Defendant's profits. Plaintiff concedes that when it communicated alleged deficiencies to Defendant at least as of November 20, 2019, Defendant reiterated "its position that its profits were not recoverable in this case." (Doc. No. 38, Pl.'s Mem. 8.)

Pursuant to the procedures provided by the September 18, 2019 Scheduling Order, in November 2019, the parties informed the D.C. Court of their discovery dispute. (Doc. No. 42, Exs. K, L.) Each side submitted an email to the D.C. Court summarizing their position. (*Id.*) Plaintiff's email to the D.C Court concluded with a request that the D.C. Court order Defendant to "provide full responses to Interrogatories 14, 15, and 16 and document request 14." (Doc. No. 42, Ex. L.) Plaintiff's email did not mention Interrogatory No. 5. In its email, Defendant objected to any discovery of its profits, arguing that Plaintiff never mentioned disgorgement of Defendant's profits in its Second Amended Complaint or in its sworn Declaration on damages, and Defendant claimed that "disgorgement" of Defendant's profits was not even mentioned until counsel's November 22, 2019 meet and confer call. (Doc. No. 42, Ex. K.)

The D.C. Court held a telephone conference on November 25, 2019. The Court and counsel agreed that a remand to the District of Minnesota would "best serve the expeditious disposition of the litigation." (Doc. No. 44, Schmitt Decl., Ex. 17.) In a letter to Plaintiff dated November 26, 2019, Defendant communicated that the dispute would be revisited after the transfer. (Doc. No. 42, Ex. M.) Plaintiff, however, claimed that the Court had overruled Defendant's objections and demanded supplementation. (Doc.

4

No. 42, Ex. N.) On December 4, 2019, the D.C. Court issued a Suggestion of Remand. (Doc. No. 44, Schmitt Decl., Ex. 17.) The D.C. Court suggested remand to "allow the trial judge to resolve the current discovery dispute and, relatedly, decide the allowable scope of plaintiff's damages claims, and set its own schedule for the completion of discovery, dispositive motions, and trial." (*Id*. at 4.) A Transfer Order was issued. A Certified Copy of Conditional Remand Order was filed on this Court's Docket on December 27, 2019 with an attached Docket Sheet. (Doc. No. 26.) About six months later, on June 22, 2020, Plaintiff wrote Defendant complaining that it had not yet received discovery responses from Defendant relating to Defendant's profits. (Doc. No. 42, Ex. O.)

This Court held a status conference on July 14, 2020, to discuss the status of the case and an appropriate schedule. (Doc. No. 33.) A Pretrial Scheduling Order was issued on July 16, 2020. (Doc. No. 34.) Prior the status conference, on July 9, 2020, the parties filed a Stipulation for a Scheduling Order. (Doc. No. 30.) While the Recitals provided that the "matter has been remanded to this Court for outstanding discovery, as well as potential motion practice and a trial," none of the parties made any mention of a "substantial discovery dispute" that had carried-over from the D.C. Court.[3] (Doc. No. 30; *see* Doc. No. 44, Schmitt Decl., Ex. 17 at 3 (stating in the Suggestion of Remand that the "parties in *Watkins* advised the Court that they had a substantial discovery dispute").

---

[3] Based on the D.C.'s Suggestion of Remand, dated December 4, 2019, both parties would have known that the D.C. Court had not decided the substantial discovery dispute, but would "allow the trial judge to resolve" it. (Doc. No. 44, Schmitt Decl., Ex. 17 at 4.)

5

Without an understanding of the "substantial discovery dispute," this Court issued a Pretrial Scheduling Order, adopting the parties' proposal that fact discovery procedures be commenced so that discovery would be completed by September 1, 2020, and that expert discovery would conclude on or before January 15, 2021. The Court also required the parties to make any updates to their initial disclosures on or before August 3, 2020. (Doc. No. 34.) Based on the representations of counsel, the Court included the following in its Scheduling Order: "The parties agreed that very little additional fact discovery is required following remand." (*Id.*)

After the parties secured their proposed schedule, Defendant wrote Plaintiff a letter, "picking up the thread" from their "meet-and-confer last fall." (Doc. No. 42, Ex. R.) In its correspondence, Defendant reiterated its position that there were multiple reasons why information relating to Defendant's profits were not discoverable. (*Id.*) On August 3, 2020, Plaintiff filed a Motion to Compel. (Doc. No. 36.) Defendants oppose the motion. (Doc. No. 43.) A hearing was held on the matter on August 14, 2020. (Doc. No. 47.)

## ANALYSIS

Plaintiff moves to compel complete answers to Interrogatory Nos. 5, 14, 15, and 20, and for responses to Request for Production No. 14. (*See generally* Doc. No. 38, Pl.'s Mem.) Federal Rule of Civil Procedure 26 governs discovery in federal court. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The Court addresses each if the disputed requests below.

### I.     Interrogatory No. 5

Plaintiff's motion to compel a supplemental answer to Interrogatory No. 5 is denied for lack of diligence. As discussed above, Plaintiff was well aware of Defendant's objections to the discovery of its profits in 2016 and Plaintiff failed to move to compel a more complete response during the several years the case was pending in the MDL. Therefore, the Court concludes Plaintiff was not diligent in pursuing a complete answer to Interrogatory No. 5. *See Stai v. Deshane*, No. 14-cv-4152 (RHK/LIB), 2016 WL 11031224, at *4 (D. Minn. Jan. 22, 2016) ("While Plaintiff's Motion was technically filed timely according to the nondispositive motion deadline, his discovery practices leading to this motion were not in any manner diligent . . . . A review of the record discloses that Plaintiff's general dissatisfaction with Defendants' discovery responses lingered without any action by Plaintiff's counsel for several months, without any substantive discussion initiated by Plaintiff's counsel between the parties concerning the adequacy of those responses, and without any attempt by Plaintiff to seek prompt and timely Court intervention."). Plaintiff's Motion to Compel a supplemental answer to Interrogatory No. 5 is denied.

7

## II.  Interrogatory No. 20

The Court also denies Plaintiff's motion to compel a response to Interrogatory No. 20 because it was not part of any action requested by Plaintiff in its email to the D.C. Court prior to transfer. In its email informing the Court about the dispute, Plaintiff concluded by requesting only that "the Court order McCormick to provide full responses to Interrogatories 14, 15, and 16[4] and document request 14." [5] (Doc. No. 42, Ex. L.) Accordingly, the Court does not view Plaintiff's request regarding Interrogatory No. 20 as part of the discovery dispute that was transferred over in the remand. Plaintiff's motion to compel an answer to Interrogatory No. 20 is therefore denied for lack of diligence and failure to timely raise the issue before the D.C. Court.

## III.  Document Request No. 14

Defendant argues in footnote 14 of its Memorandum in Opposition that Plaintiff's Document Request No. 14[6] was not included in any meet and confer correspondence.

---

[4]  Interrogatory 16 is not at issue in Plaintiff's Motion to Compel Discovery.

[5]  Thus, had the D.C. Court ruled in Plaintiff's favor, as Plaintiff hoped, the only record of Plaintiff's request for action was limited to Interrogatories 14, 15, and 16, and Document Request 14.

[6]  Plaintiff's Request for Production No. 14 states as follows:

> All procurement contracts, purchase orders, and other documents regarding McCormick's purchase of black pepper during the time in which McCormick was filling Downweighted Ground Black Pepper Containers in accordance with McCormick's "pepper weight reduction plan" referenced in McCormick's Rule 26(a)(1) Initial Disclosures and also referenced in McCormick's Answer to Watkins's Interrogatory No. 1.

(Footnote Continued on Next Page)

(Doc. No. 43, Def.'s Mem. 9, n.14.) Document Request No. 14, however, is cited in the email correspondence to the D.C. Court indicating that this request was at issue. Even so, however, the Court need not determine whether the failure to meet-and-confer bars this request in Plaintiff's motion because the Court finds that Plaintiff has not made a sufficient showing that the information sought in Document Request No. 14 is relevant and proportional pursuant to Rule 26. Plaintiff's motion to compel discovery responsive to Document Request No. 14 is denied on that basis.

### IV.   Interrogatory Nos. 14 and 15

This leaves Interrogatory Nos. 14 and 15. They were served on October 15, 2019, and are set forth below:

> INTERROGATORY NO. 14:
> State the total amount of revenue McCormick received from the sale of McCormick's Downweighted Ground Black Pepper Containers by SKU. Identify all documents you refer to or rely upon to respond to this Interrogatory.
>
> INTERROGATORY NO. 15:
> State the total costs of goods sold from the sale of McCormick's Downweighted Ground Black Pepper Container by SKU. Identify all documents you refer to or rely upon to respond to this Interrogatory.

(Doc. No. 42, Ex. F at 7.)

After Defendant timely objected, Plaintiff brought the dispute to the D.C. Court's attention in November 2019. The D.C. Court received email correspondence from each side about the dispute and held a status conference. The D.C. Court suggested remand to

---

(Doc. No. 42, Ex. G at 6–7.)

the District of Minnesota to allow the trial judge to decide the discovery dispute. Although this Court wishes that the parties would have alerted this Court of the carry-over dispute right away, it is clear that both parties were aware of the unresolved dispute and neither party raised it.[7] Accordingly, this Court will not place all the blame for the delay—after remand—on Plaintiff, and will address the parties' remaining arguments regarding Interrogatory Nos. 14 and 15.

Defendant claims that the information requested through Interrogatory Nos. 14 and 15 is irrelevant because Plaintiff did not include the disgorgement of profits in its prayer for relief. The parties cite to various case law supporting their positions about whether a party is required to specifically plead the disgorgement of profits. Defendant relies heavily on *United States v. Osage Wind, LLC*, No. 14-CV-704-GKF-JFJ, 2020 WL 3578351 (N.D. Okla. July 1, 2020). Plaintiff relies heavily on *Yah Kai World Wide Enterprises, Inc. v. Napper*, 292 F.Supp. 3d 337 (D.D.C. 2018). Both the *Osage* and *Yah Kai* cases are outside of the Eighth Circuit and neither case provides a sufficiently definitive answer as to the pleading requirements for disgorgement of profits that might apply in this case. Further, the parties disagree about whether the assertions that were made combined with the discovery requests provided notice of disgorgement as a

---

[7]   In fact, in response to Plaintiff's letter reasserting the dispute, Defendant shared Plaintiff's understanding that the "meet and confer process" had not concluded. (Doc. No. 42, Ex. Q.)

remedy. This Court will not delve into dispositive matters to resolve this discovery dispute.[8]

Defendant points out that Plaintiff repeatedly failed to include disgorgement as a category of damages in its initial disclosures pursuant to Rule 26(a). Plaintiff responds that disgorgement of profits does not belong in their initial disclosures because Defendant's profits are not Plaintiff's "damages" and the amount of Defendant's profits cannot be calculated without Defendant's information. But Plaintiff's interpretation of the word "damages" to avoid a disclosure of its intent to pursue disgorgement of Defendant's profits is belied by Plaintiff's disclosure of its "Computation of damages" to include reference to the injunctive relief sought. (Doc. No. 44, Schmitt Decl., Ex. 6 at 3; *id.* Ex. 7 at 4.) Further, in its Memorandum of Law, Plaintiff asserts that "Congress has authorized the recovery of three different types of monetary *damages* for the Lanham Act violations at issue here: Defendant's profits, Plaintiffs' actual damages, and Plaintiffs' costs of litigating the Lanham Act claim." (*See* Doc. No. 38, Pl.'s Mem. 12 (quoting *Yah Kai World Wide*, 292 F. Supp. 3d at 355) (emphasis added).) Importantly here, most of the discovery and other pretrial work took place out of this District in the D.C. Court, and this Court is unaware of the guidance and oversight by the D.C. Court regarding initial disclosures. This Court nevertheless observes that even if the calculation of a category of damages cannot be made until a later time, the identification of the category of

---

[8] Nothing in this Order precludes the parties from filing dispositive motions on the viability of a disgorgement of profits theory when the time comes. The deadline and procedures for serving and filing dispositive motions is set forth in the Pretrial Scheduling Order.

disgorgement of Defendant's profits in a Lanham Act case would promote the purpose of initial disclosures. However, due to the unique circumstances of this case, this Court will not impose a discovery sanction for failure to identify disgorgement as a category of damages in initial disclosures.

Thus, this Court turns to Rule 26(b) to analyze whether supplemental answers to Interrogatory Nos. 14 and 15 should be compelled. While information about Defendant's profits may be sufficiently relevant and proportional to warrant production, these particular interrogatories, as drafted, are vague because they rely on Plaintiff's difficult to follow definition of the product,[9] and overly broad because they do not include any temporal limits. Accordingly, counsel for the parties are required to immediately meet and confer to clarify and narrow these two discovery requests as set forth in greater detail below. Defendant must answer the new requests no later than 30 days after the parties agree on clarified and narrowed interrogatories.[10] Counsel for the parties are also required

---

[9] "The term 'Downweighted Ground Black Pepper Containers' means the Ground Black Pepper Containers, as defined above, that were filled in accordance with McCormick's 'pepper weight reduction plan' referenced in McCormick's Rule 26(a)(1) Initial Disclosures and also referenced in McCormick's Answer to Watkins's Interrogatory No. 1." (Doc. No. 42, Ex. F at 3.)

[10] At the July 14, 2020 status conference, this Court raised concerns regarding the parties' language for the exchange of expert reports. The Court was assured that counsel were on the same page with respect to the interpretation of their proposals. The Court is not confident that the parties are in alignment on discovery issues. An amended scheduling order will be issued to clarify that the parties may not wait to produce factual information in their expert reports that is (a) responsive to discovery requests; and (b) in the parties custody, possession, or control. The parties must immediately evaluate their obligation to supplement discovery responses and initial disclosures.

to meet and confer about the discovery Defendant will now take on the issue of disgorgement. Plaintiff, however, is not permitted to take any additional discovery, and the September 1, 2020 deadline for fact discovery still applies to all other discovery.

## ORDER

Based on the file, record submissions, and argument of counsel, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel (Doc. No. 36) is **DENIED** as follows:

    a. Plaintiff's Motion to Compel answers and responses to Interrogatory Nos. 5 and 20, and Document Request No. 14 is denied.

    b. Plaintiff's Motion to Compel supplemental answers to Interrogatory Nos. 14 and 15 is denied, except that the Court grants Plaintiff leave to work with Defendant to clarify and narrow the two requests.

    i. Counsel for the parties must meet and confer immediately and complete their meet and confer within **seven days** of this Order to clarify and narrow the two interrogatories. If the parties cannot agree on two revised interrogatories, then they must file letters setting forth their competing proposals and arguments no later than **fourteen days** after this Order.

    ii. Defendant must supplement its answer to revised Interrogatory Nos. 14 and 15 no later than **thirty days** after the parties agree on the revised interrogatories, or, if no agreement to clarify and narrow the interrogatories is reached, within **seven days** following this Court's order on competing proposals.

2. Defendant's Follow Up Discovery. After meeting and conferring with Plaintiff, Defendant must file a proposal regarding the limitations for any additional fact discovery Defendant believes is necessary due to this Order. Defendant's proposal must be filed no later than **fourteen days** after this Order. Defendant must commence discovery procedures in time for the additional fact discovery on the follow-up issues to be completed no later than **December 15, 2020**. Defendant must serve any new written discovery by **September 14, 2020**. And fact deposition notices, including any 30(b)(6) deposition notices with topics, must be served by Defendant no later than **October 26,**

**2020**. Any fact depositions permitted by this Order must be completed by **December 15, 2020**. If there are any disputes regarding the taking of depositions remotely due to COVID-19 concerns or the appropriate protocol, motions must be filed by **October 26, 2020**.

      3.     The **September 1, 2020** fact discovery deadline remains in place for all other fact discovery. The Court will issue an amended schedule addressing expert discovery and other unexpired deadlines.

Dated: August 24, 2020

                                           *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                       United States Magistrate Judge