```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO. 15-2688(DSD/BRT)
```

Watkins Incorporated,

        Plaintiff,

v.                                                  **ORDER**

McCormick and Company,
Incorporated,

        Defendant.

This matter is before the court upon defendant McCormick & Company, Inc.'s motion to certify the court's December 7, 2021, order for interlocutory appeal under 28 U.S.C. § 1292 and to stay proceedings pending appeal. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

The complete background of this case is fully set forth in the court's December 7, 2021, order, and will not be repeated here. The court will only briefly summarize the history as relevant to this motion. Plaintiff Watkins Incorporated competes with McCormick in the consumer market for black pepper, and in 2015, sued McCormick under the Lanham Act. Watkins alleges that McCormick filled its tins with below-capacity amounts of ground black pepper and thus deceived consumers about the comparative

prices of their products. Watkins seeks money damages, disgorgement of McCormick's profits, and injunctive relief.

At the close of discovery, McCormick moved for summary judgment and argued, in relevant part, that Watkins failed to establish a causal connection between the challenged conduct and the profits sought in its disgorgement claim. More specifically, McCormick argued that Watkins failed to show that McCormick's profits were attributable to the challenged conduct or were diverted from Watkins's sales. Watkins opposed the motion, arguing that the Lanham Act does not require plaintiffs to establish either attribution or diversion. The court agreed with Watkins and denied the motion for summary judgment. McCormick now moves to certify this question – whether a Lanham Act disgorgement claim requires proof of attribution and diversion – for interlocutory appeal.

## DISCUSSION

### I.   Standard of Review

Circuit courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. A district court, however, may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b). Interlocutory appeals should be granted only when such an appeal (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion,"

and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

A motion to certify, however, "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White, 43 F.3d at 376. Section 1292 is "to be used only in extraordinary cases where [a] decision ... might avoid protracted and expensive litigation" and is "not intended merely to provide review of difficult rulings in hard cases." Union Cty. v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008) (citation and internal quotation marks omitted). Further, "it has ... long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." White, 43 F.3d at 376 (citation and internal quotation marks omitted).

**II.  Interlocutory Appeal Requirements**

First, the court finds that whether a Lanham Act disgorgement claim requires attribution and diversion is a controlling question of law. A question of law "refers to a purely, abstract legal question" and not to "the application of settled law to a specific set of facts." Employers Reinsurance Corp. v. Mass. Mut. Life Ins. Co., No. 06-188-CV-W-FJG, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010); McFarlin v. Conseco Servs., L.L.C., 381 F.3d 1251,

1258 (11th Cir. 2004). "A question is 'controlling' if error in its resolution would warrant reversal of a final judgment or dismissal." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Penn. 1983), certified question answered sub nom. Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290 (3d Cir. 1985).

Here, whether disgorgement requires proof of attribution and diversion is a pure legal question. Further, it is controlling. Watkins offered no evidence of attribution or diversion, and its disgorgement claim would fail if these elements are required. Therefore, the court's determination that a plaintiff need not prove either presents a controlling question of law.

The second requirement is a closer question. McCormick maintains that there is a split in authority and that the split creates substantial ground for difference of opinion. "Identification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement." White, 43 F.3d at 378. To be sure, the court acknowledged in its order that there are conflicting approaches to the issue. As discussed extensively in the order, however, many of the cases McCormick cites do not stand for the proposition McCormick claims - that disgorgement requires attribution and diversion. Specifically, many of the cases address statutory standing rather than causation. Regardless, there is conflicting

case law in other jurisdictions and no controlling precedent within the Eighth Circuit, so the second requirement may also be met.

McCormick has not established, however, that an interlocutory appeal would materially advance the litigation. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-79 (citation omitted).

McCormick argues that resolution of the issue in its favor will eliminate the need to try the disgorgement claim and will avoid presentation of financial data and witnesses specific to that claim at trial. This argument, however, fails to carry the heavy burden required for interlocutory appeal. Even without the disgorgement claim, the litigation would not terminate because Watkins's claims for money damages and injunctive relief would be unaffected and continue to trial. Although some evidence would be eliminated, the litigation would be substantially the same.

Further, the benefit of avoiding unnecessary presentation of evidence "must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." SEC v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000). Permitting an interlocutory appeal imposes its own costs on the judicial system, and the court finds that the benefits do not outweigh the costs in this case.

Accordingly, the court finds that the action does not fall within the exceptional circumstances required for certification of interlocutory appeal under § 1292(b).

**ORDER**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to certify interlocutory appeal and for stay is denied.

Dated: January 13, 2022

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court